**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris M. Nero and Maria Bullock Nero,<br><br>    Plaintiffs,<br><br>vs.<br><br>Ryan C. Seifert,<br><br>    Defendant. | No. CV 16-684-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Motion to Dismiss (Doc. 10) filed by the United States of America on behalf of its employee Ryan C. Seifert ("Seifert"). Also pending before the Court are the Petition for Application for 180 Day Stay (Doc. 11) and the Petition to Strike Motion to Dismiss and for Summary Judgment or Trial by Jury (Doc. 18) filed by Chris M. Nero ("Nero") and Maria Bullock Nero (collectively, "the Neros").

I. *Factual and Procedural History*

On February 22, 2010, Nero entered into a plea agreement in CR 08-744-TUC-CKJ (JCG). Nero pleaded guilty to three counts of Attempted Evasion of Assessment and Payment of Federal Individual Income Taxes, in violation of 26 U.S.C. § 7201. In exchange for Nero's guilty plea, the government agreed not to bring further criminal charges against Nero relating to mortgage fraud charges in the case, and, if the Court accepted the plea agreement, the government agreed to move to dismiss the remaining charges of wire fraud, conspiracy to commit wire fraud, money laundering, conspiracy to commit money laundering, and aid and abet.

On November 9, 2010, the Court sentenced Nero in CR 08-744-CKJ (JCG) to a 58-month term of imprisonment followed by three years on supervised release. The Judgment in the criminal case included the following special condition of supervised release:

> 7. As set forth in the plea agreement, within 180 days of the commencement of supervised release, you shall enter into a closing agreement with the IRS and file original and/or amended individual and corporate state and federal tax returns for tax years 2001-2008.

Judgment (CR 08-744-CKJ (JCG), Doc. 423), p. 3.

The Neros allege they received a letter from Seifert seeking financial records to schedule a meeting in his office regarding a collection. The Neros allege Seifert obtained a credit report and placed an unlawful levy on each of their checking accounts without due process of law. The Neros also allege Seifert made false statements and that his charges of claims are not substantially supported.

On October 4, 2016, the Neros filed an Order to Show Cause for Preliminary Injunction & Emergency Temporary Restraining Order and Civil/Equity Complaint ("Complaint") in the Pima County Superior Court. On October 21, 2016, Seifert and the United States of America removed the action to this Court. (Doc.1).

On January 13, 2017, the government filed a Motion to Dismiss. The Neros have filed a Petition to Strike Motion to Dismiss and for Summary Judgment or Trial by Jury (Doc. 18). The Court will accept the Petition to Strike Motion to Dismiss as response or a request to deny the Motion to Dismiss. The government has filed a reply (Doc. 19).

On February 6, 2017, the Neros filed a Petition for Application for 180 Day Stay (Doc. 11). The government has filed an opposition (Doc. 13) and the Neros have filed a reply (Doc. 14).

II. *Motion to Dismiss* (Doc. 10) *and Petition to Strike Motion to Dismiss* (Doc. 18)

A. *Service of Process*

The government asserts that service pursuant to Fed.R.Civ.P. 4(i)(3) has not been

completed. Specifically, the government asserts the Neros did not serve the Attorney General of the United States and the United States Attorney for the District of Arizona in addition to serving Seifert. The Neros do not respond to this argument.

Absent good cause for failure to serve a defendant within 90 days, the court may either dismiss the action or order service within a specified time. Fed.R.Civ.P. 4(m). A court should consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" in deciding whether determining whether to dismiss the action or order service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)). In an action against a federal employee in his official capacity, a plaintiff must serve both the United States and the employee. When a case is removed from state court, the time period begins on the date of removal. *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1053 (2002). This case was removed to this Court on October 21, 2016; in other words, the 90–day period ended on January 19, 2017.

Here, Seifert and the government both received actual notice of the lawsuit and they do not argue that allowing the Neros to complete service would prejudice Seifert or the government. While it would be appropriate for the Court to afford the Neros an opportunity to perfect service of an amended complaint, the Court has determined herein that the Neros have failed to state a claim for which relief can be granted. Therefore, dismissal for failure to perfect service is appropriate.

B. *Failure to State a Claim upon which Relief can be Granted*

(1) *Pleading Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. Dismissal of a complaint is appropriate if there is a (1) "lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

*Department*, 901 F.2d 696, 699 (9th Cir. 1990). Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Fed.R.Civ.P. "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

The United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]"). Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965. In considering the Motion to Dismiss, the Court views the Complaint in light of *Twombly* and

must determine if the Neros have "nudge[d] [their] claims across the line from conceivable to plausible." *Id*. at 1974. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007). Indeed, *Twombly* requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief).

This Court must take as true all allegations of material fact and construe them in the light most favorable to the Neros. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds*, in attempting to decipher a complaint.

The government requests the action be dismissed for failure to state a claim. Further, the government asserts amendment of the Complaint would be futile; therefore, the government requests the dismissal be without leave to amend.

In this case, the Complaint includes conclusory allegations. For example, the Neros allege Seifert has made false claims, has used information that is not substantially supported, and is operating with unclean hands and bad faith. The Neros do not provide any specific

facts to support these (and other) conclusory allegations. Further, the Neros allege:

> The defendant has denied pursuant to the Arizona Constitution Article 2 Declaration of Rights Section 2.1 [4] Due Process of Law, [8] Right to privacy, [10] self incrimination, [11] Administration of Justice, [23] Trial by Jury, [33] Reservation of Rights, Article 3 Distribution of Powers. Civil penalty is defined in 18 U.S.C. 1964. Undefined constitutional violations not listed in the Criminal Code are set by title 18, U.S. (Criminal) Code 3571.

Complaint (Doc. 1-2), p.3.[1] Although the allegations refer to constitutional provisions, the response clearly states the Neros are not seeking to state a *Bivens* claim.[2] The allegations in the Complaint are conclusory and commingled to such an extent the onus is on the Court to decipher which, if any, facts support which claims, as well as to determine whether the Neros are entitled to the relief sought.

(2) *Proper Defendant*

Additionally, the government asserts Seifert is not a proper Defendant and that the United States is the correct party defendant. The Neros have not responded to this argument. Indeed, if the Neros were seeking to state a *Bivens* claim, such a claim would be made against Seifert. However, in response to the government's argument that the Complaint does not set forth a *Bivens* claim against Seifert, the Neros agree and confirm they are not seeking to state a *Bivens* claim. Further, the Neros do not dispute that the government is the appropriate defendant for a claim pursuant to the Federal Tort Claims Act ("FTCA"). *See e.g. Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Additionally, they do not

---

[1]The reference to 18 U.S.C. § 1964 is to the civil remedies under the Racketeer Influenced and Corrupt Organizations provision. The reference 18 U.S.C. § 3571 is to the statute providing for a sentence to pay a fine.

[2]"In *Bivens*, the Supreme Court provided a judicially-created cause of action for damages arising out of constitutional violations by federal officers, holding that "petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the [Fourth] Amendment." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (quoting *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)) (emphasis omitted).

assert under what other theory Seifert is a proper defendant. The Court finds it appropriate to dismiss Seifert from this action.

(3) *Federal Tort Claims Act*

The government also asserts relief cannot be granted to the Neros under the FTCA. Under the FTCA, Congress authorized suits against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b). However, "[w]hile the FTCA on its face is a 'broad waiver' of sovereign immunity that provides for governmental liability commensurate with that of private parties, its waiver of immunity is far from absolute." *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997). Specifically, the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. *FDIC v. Meyer*, 510 U.S. 471 (1994). However, any waiver of sovereign immunity is to be construed strictly in favor of the sovereign and not enlarged beyond what the language requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010); *Siddiqui v. United States*, 359 F.3d 1200, 1204 (9th Cir. 2004).

While the FTCA does waive the government's sovereign immunity to allow claims against the United States for personal injury resulting from the negligent or wrongful acts of its employees while acting within the scope of their employment, the FTCA contains exceptions to this waiver. *See* 28 U.S.C. §2680. Specifically, as it applies to this case, the FTCA does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or custom duty," 28 U.S.C. § 2680(c). *Smith v. Brady*, 972 F.2d 1095, 1099 (9th Cir. 1992) (this language "covers a broad range of activity by the IRS").

In this case, the Neros are complaining of the conduct of Revenue Officer Seifert. However, his actions (issuing levies and administrative summons, meeting with the taxpayer,

- 7 -

investigating the taxpayer's income and assets) arose in respect to the assessment or collection of a tax. Such conduct is not actionable under 28 U.S.C. § 2680(c).

(4) *Unauthorized Collection Activities*

A plain reading of the Complaint leads to a conclusion that the Neros are complaining of the tax collection actions of Seifert. He obtained credit reports, placed liens on their checking accounts, sought documentation and a meeting, and investigated the income and assets of the Neros. The Neros are asserting these actions were unauthorized, unlawful, and/or unconstitutional. Congress has provided a private right of action for such conduct:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). By the plain language of the statute, this is the exclusive remedy for recovering damages for the actions of Seifert.

However, to bring a § 7433 action, a taxpayer must first exhaust his administrative remedies. 26 U.S.C. § 7433(d)(1) ("Requirement that administrative remedies be exhausted."); *see also Petrillo v. United States*, No. 3:15-CV-1894-GPC-NLS, 2017 WL 2413396, at *5 (S.D. Cal. May 31, 2017) (citation omitted)diction."). A taxpayer's failure to exhaust administrative remedies results in a court lacking jurisdiction of § 7433 action. *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992), as amended (Jan. 28, 1993). Here, there is no indication the Neros have exhausted their administrative remedies. The Court finds the Complaint fails to state a claim for which relief can be granted.

(5) *Dismissal Without Leave to Amend*

Where a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Here, even if the Neros alleged facts to establish they had exhausted their administrative remedies, the allegations would

nonetheless still fail to state a claim. Rather, the conduct by Seifert complained of by the Neros constitutes legitimate tax collection actions. Additionally, although the Neros assert the actions are not consistent with the terms of the Nero's supervised release conditions in the criminal case, those supervised release conditions do not prohibit the government taking other actions to enforce tax provisions or collect tax payments. The Court finds a more carefully drafted complaint could not state a claim for which relief can be granted. Dismissal without leave to amend is appropriate.

III. *Petition for Application for 180 Day Stay* (Doc. 11) *and Petition for Summary Judgment or Trial by Jury* (Doc. 18)

The Court having determined dismissal of the Complaint without leave to amend is appropriate, denial of the Petition for Application for 180 Day Stay (Doc. 11) and the Petition for Summary Judgment or Trial by Jury (Doc. 18) as moot is appropriate.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss (Doc. 10) is GRANTED.

2. Seifert is DISMISSED from this action.

3. The Complaint and the claims contained therein are DISMISSED WITHOUT LEAVE TO AMEND.

4. The Petition for Application for 180 Day Stay (Doc. 11) is DENIED AS MOOT.

5. The Petition to Strike Motion to Dismiss and for Summary Judgment or Trial by Jury (Doc. 18) is DENIED AS MOOT.

6. The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 21st day of June, 2017.

_____
Cindy K. Jorgenson
United States District Judge